1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARTHUR C. RUSSELL, | CASE NO. C14-5361 RJB |
| Petitioner | ORDER ADOPTING REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MAGGIE MILLER-STOUT, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation of Magistrate Judge J. Richard Creatura.  Dkt. 9.  The Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that a certificate of appealability be denied.  *Id*.  Petitioner has not filed objections to the Report and Recommendation.  The Court has considered the relevant documents and conducted a *de novo* review of the record.

**INTRODUCTION AND BACKGROUND**

In this petition for habeas corpus brought pursuant to 28 U.S.C. § 2254, Petitioner Arthur C. Russell seeks relief from his conviction of rape of a child in the first degree-domestic violence and his 108 month sentence.  Dkt. 8.

The Petitioner raises a single ground for relief:

> Ineffective assistance of counsel because trial counsel failed to request a jury instruction instructing the jury that evidence of the alleged prior sexual misconduct between Mr. Russell and the alleged victim could be considered by the jury only for purposes of determining whether or not Mr. Russell had a "lustful disposition" towards the alleged victim. Jury instruction 1 required the jury to consider all evidence in determining Mr. Russell's guilt.

Dkt. 9 at 3.

The Report and Recommendation, filed September 11, 2014, recommends the denial of the petition and dismissal of the case.  Dkt. 9.  The Report and Recommendation further recommends a denial of the certificate of appealability.  *Id.*  The facts and relevant procedural history are in the Report and Recommendation (Dkt. 4, at 2-6) and are adopted here by reference.

**EVIDENTIARY HEARING**

The Magistrate Judge concluded that an evidentiary hearing was unnecessary as Petitioner's claims rely on established rules of constitutional law. Further, there are no factual issues that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime.  Dkt. 9 at 4-5.  The Court agrees.

**INEFFECTIVE ASSISTANCE CLAIM**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Under AEDPA, habeas relief can be granted only if the state court's proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States" or "resulted in

1   a decision that was based on an unreasonable determination of the facts in light of the evidence

2   presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). The clearly established

3   federal law for ineffective assistance of counsel claims is articulated in *Strickland v. Washington*,

4   466 U.S. 668 (1984). See *Williams v. Taylor*, 529 U.S. 362, 390 (2000). To succeed on a

5   *Strickland* claim, a defendant must prove that (1) his counsel's performance was deficient in

6   violation of the Sixth and Fourteenth Amendments, and (2) he was prejudiced by counsel's

7   deficient performance. *Strickland*, 466 U.S. at 687–88. Counsel is constitutionally deficient if

8   the representation "fell below an objective standard of reasonableness" such that it was outside

9   "the range of competence demanded of attorneys in criminal cases." *Id.* at 687 (internal

10  quotation marks and citation omitted). "The proper measure of attorney performance remains

11  simply reasonableness under prevailing professional norms." *Id*. at 688. A defendant is

12  prejudiced by counsel's deficient performance if "there is a reasonable probability that, but for

13  counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at

14  694.

15       The Magistrate Judge concluded that it was not contrary to, nor an unreasonable

16  application of, *Strickland* for the state court to determine that Petitioner's trial counsel did not

17  provide ineffective assistance by failing to request a limiting instruction that evidence of other

18  sexual misconduct could only be used to determine whether he had a "lustful disposition" toward

19  the victim. Petitioner did not show that in light of all of the evidence there is a reasonable

20  possibility the outcome would have been different had a limiting instruction been given. And

21  since an instruction would have told the jury it could consider the other acts as evidence of

22  lustful disposition, it is not necessarily professionally deficient to not ask for such an instruction

23  notwithstanding counsel's claim here that he simply forgot to request an instruction.

24

1    Petitioner fails to prove that he is entitled to relief. Accordingly, the Court adopts the

2    recommendation that the petition be denied.

3                           **CERTIFICATE OF APPEALABILITY**

4    The Magistrate Judge recommends the denial of a certificate of appealability.  Dkt. 9 at

5    8-9.  A certificate of appealability may issue only if a petitioner has made "a substantial showing

6    of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  A petitioner satisfies this

7    standard "by demonstrating that jurists of reason could disagree with the district court's

8    resolution of his constitutional claims or that jurists could conclude the issues presented are

9    adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327

10   (2003).  Petitioner has not met this burden.

11                                  **CONCLUSION**

12   The Court, having reviewed the Report and Recommendation of Magistrate Judge J.

13   Richard Creatura and the remaining record, does hereby find and **ORDER**:

14        1.    The Court adopts the Report and Recommendation (Dkt. 9);

15        2.    Petitioner's § 2254 habeas petition (Dkt. 1) is **DENIED** and **DISMISSED
                 WITH PREJUDICE**

16
17        3.    Petitioner is **DENIED** issuance of a certificate of appealability;

18        4.    The Clerk is directed to send a copy of this Order to Petitioner, counsel for
                 Petitioner and Respondent and to the Hon. J. Richard Creatura

19   Dated this 14th day of October, 2014.

20

21

22   ROBERT J. BRYAN
     United States District Judge

23

24

ORDER ADOPTING REPORT AND
RECOMMENDATION DENYING PETITION FOR
WRIT OF HABEAS CORPUS- 4